THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jonathan Stackhouse, Appellant.
 
 
 
 
 

Appeal From Horry County
 Thomas W. Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No.  2010-UP-569
 Submitted December 1, 2010  Filed
December 31, 2010

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe,
 all of Columbia; and Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Jonathan
 Stackhouse appeals his convictions for first-degree burglary, kidnapping, and
 assault and battery of a high and aggravated nature, arguing the circuit court
 erroneously (1) admitted identification testimony influenced by an unduly
 suggestive confrontation procedure and (2) relied on the victim's unreliable
 identification in denying his motion for directed verdicts.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the circuit court erred
 in finding the identification procedure based on third party information was
 not unduly suggestive and admitting the identification testimony: State v.
 Moore, 343 S.C. 282, 287, 540 S.E.2d 445, 447 (2000) (holding a court must
 first ascertain whether a confrontation procedure was unduly suggestive when
 determining whether an in-court identification violates due process); State
 v. Tisdale, 338 S.C. 607, 611-12, 527 S.E.2d 389, 392 (Ct. App. 2000) (holding
 suggestiveness arising from nongovernmental sources does not violate due
 process).
2. As to whether the
 circuit court erred in denying Stackhouse's motion for directed verdicts: State v. Adams,
 332 S.C. 139, 144-45, 504 S.E.2d 124, 126-27 (Ct. App. 1998) (holding if a defendant presents evidence after the denial
 of his motion for a directed verdict at the close of the States case, in order to preserve the
 issue for appeal, he must make another motion for a
 directed verdict at the close of all evidence).  Alternatively, we affirm on the merits: State v. Parler,
 217 S.C. 24, 26, 59 S.E.2d 489, 489 (1950) (noting that a motion for directed
 verdict should have been made by the appellant at the close of all evidence,
 but waiving the appellant's failure to do so and considering the issue on its
 merits because the conviction and sentence involved the liberty of the
 appellant).
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.